IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PIONEER HEALTH SYSTEMS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>REALTYNET TIC INVESTMENTS, LLC,<br><br>*Defendant.* | CIVIL ACTION NO. _____ |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Pioneer Health Systems, LLC files this Original Petition against Defendant Realtynet TIC Investments, LLC, and would respectfully show the Court as follows:

### I.   PARTIES

1. Plaintiff Pioneer Health Systems, LLC ("Pioneer") is a Delaware limited liability company with its principal place of business in Addison, Texas.

2. Realtynet TIC Investments LLC ("Realtynet") is a Utah limited liability company with its principal place of business in Herriman, Utah.

### II.   JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

4.      Venue is proper under 28 U.S.C. § 1391 because Pioneer maintains its principal place of business in the Northern District of Texas and a substantial part of the events giving rise to the claims occurred in this district.

### III.  RELEVANT FACTS

5.      On March 18, 2022, Pioneer executed a Purchase and Sale Agreement with Realtynet as buyers for the real property located at 3132 Altamesa Boulevard, Fort Worth, Texas 76133, as more particularly described in the Purchase and Sale Agreement (the "Property").

6.      On or about April 26, 2022, Pioneer and Realtynet (collectively, the "Parties") executed an escrow agreement (the "Escrow Agreement"), naming First American Title Insurance Company as escrow agent ("First American"). Realtynet placed the sum of $500,000.00 in the escrow account (the "Escrow Funds").  A true and correct copy of the Escrow Agreement is attached hereto as Exhibit A.

7.      The Escrow Agreement provided that the Escrow Funds were to be released to Pioneer as soon as First American received (i) a certificate of occupancy for the Improvements being constructed on the Property from Pioneer and (ii) joint release instructions in the form attached to the Escrow Agreement.

8.      The Escrow Agreement further provided that the Escrow Funds were to be released to Realtynet upon receipt of joint release instructions if, among other reasons, Pioneer "does not present a certificate of occupancy for the Improvements to [First American] buy [sic] December 31, 2022[.]"

9. Notwithstanding this provision, Realtynet agreed in writing to waive the December 31, 2022 deadline for certificate of occupancy. On January 25, 2023, Realtynet's agent, Nathan Leavitt, confirmed by email that "[o]nce we have confirmation of C of O, we'll sign off on releasing funds." A true and correct copy of Nathan Leavitt's email to Pioneer is attached hereto as Exhibit B.

10. On February 9, 2023, Pioneer received a final Certificate of Occupancy from the City of Fort Worth, Texas, and provided it to First American. Consistent with the Escrow Agreement, Pioneer requested that First American release the Escrow Funds.

11. Despite Pioneer's satisfaction of its obligations under the Escrow Agreement, Realtynet has refused to authorize release of the Escrow Funds until Pioneer submits lien waivers from subcontractors who have performed work on the Property.

12. Neither the Purchase and Sale Agreement nor the Escrow Agreement provide that submission of lien waivers is a condition precedent to the release of the Escrow Funds.

13. Realtynet's failure to authorize release of the Escrow Funds is a breach of the Escrow Agreement.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Breach of Escrow Agreement)

14. Pioneer incorporates by reference the allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

15. Pioneer and Realtynet executed the Escrow Agreement whereby Realtynet placed $500,000.00 into an escrow account to be released upon First American's receipt of a Certificate of Occupancy for the Property.

16. Realtynet waived the requirement that Pioneer submit a Certificate of Occupancy by December 31, 2022 and subsequently reaffirmed that it would release the Escrow Funds upon submission of a final Certificate of Occupancy.

17. On February 9, 2023, Realtynet was notified by Pioneer that it had received a final Certificate of Occupancy, thereby satisfying all terms of the Escrow Agreement.

18. Realtynet has failed to authorize the release of the Escrow Funds to Pioneer.

19. As a direct and proximate result of the foregoing, Pioneer has suffered damages in the amount of $500,000.00, plus all accrued interest thereon, costs, and attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

20. Pioneer incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

21. The Escrow Agreement, as amended by Realtynet's January 25, 2023 email, sets forth the understanding of the Parties relating to the Escrow Funds.

22. A dispute has arisen between the Parties regarding their respective rights and obligations under the Escrow Agreement.

23.     Pursuant to 28 U.S.C. § 2201, Pioneer requests that the Court issue a declaratory judgment declaring the rights and duties of Pioneer and Realtynet under the Escrow Agreement. In particular, Pioneer seeks a declaration that Realtynet is obligated to immediately authorize the release of the Escrow Funds to Pioneer by providing First American that it do so.

## V.   PRAYER FOR RELIEF

Pioneer prays for judgment in its favor and against Realtynet, as well as: (1) compensatory damages in an amount to be proved at trial, but not less than $500,000.00; (2) judgment declaring that Realtynet is obligated to immediately authorize the release of the Escrow Funds to Pioneer; (3) attorney's fees, costs, and disbursements incurred here; (4) pre-judgment and post-judgment interest; and (5) All such other relief as the Court deems just and equitable.

Dated: February 17, 2023

/s/ *Bryan P. Stevens*
Bryan P. Stevens
Texas State Bar No. 24051387
bstevens@hallettperrin.com
HALLETT & PERRIN
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: 214.922.4160
Facsimile: 214.922.4142

Elijah M. Watkins
Idaho State Bar No. 8897
(*pro hac vice forthcoming*)
elijah.watkins@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

*Attorneys for Plaintiff*
*Pioneer Health Systems, LLC*